UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES LEE DAWSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, LISA ERWIN,<br><br>　　　　　　Defendant. | CASE NO. 3:21-CV-5742-RAJ-DWC<br><br>ORDER TO SHOW CAUSE OR TO AMEND |

Plaintiff James Lee Dawson, proceeding *pro se*, has filed a complaint seeking a default judgment against the State of Washington and an individual attorney in its attorney general's office. Dkt. 1. Having reviewed and screened plaintiff's Complaint under 28 U.S.C. § 1915A, the Court determines plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court declines to serve the complaint but provides plaintiff leave to file an amended pleading by **March 4, 2022** to cure the deficiencies identified herein.[1]

---

[1] Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. 6. However, because plaintiff's complaint fails to state a claim upon which relief can be granted, the Court defers consideration of

ORDER TO SHOW CAUSE OR TO AMEND - 1

## I. BACKGROUND

Plaintiff, who is currently confined at Coyote Ridge Corrections Center, has filed a proposed complaint, which is not presented on the Court's form for a claim under 28 U.S.C. § 1983 and does not appear to allege a claim under that statute. Dkt. 1. Although plaintiff's complaint is difficult to decipher, it appears from the face of the complaint that plaintiff seeks a default judgment against Lisa Erwin, a senior counsel in the torts division of the office of the Washington State Attorney General. Dkt. 1 at 1. The basis for the alleged "default" is defendant failed to respond to a "demand" from plaintiff. *Id*. From the attachments to the complaint, it appears the "demand" to which plaintiff refers is a tort claim filed with the State of Washington. Dkt. 1 at 2; Dkt. 1-1 at 1–3, 14–18, 25–27. Plaintiff's tort claim seeks damages for an allegedly unconstitutional criminal conviction of plaintiff in 2004. Dkt. 1-1 at 1–3.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not cured in an amended complaint.

---

plaintiff's IFP motion until it can be determined whether plaintiff can state a cognizable claim for relief. The Clerk is therefore directed to renote plaintiff's IFP motion (Dkt. 6) to March 4, 2022.

ORDER TO SHOW CAUSE OR TO AMEND - 2

### A. Failure to State a Claim

Plaintiff's complaint seeks default for failure to pay a state tort claim, and as such does not state a federal cause of action. *See* Dkt. 1. But even if the complaint were construed as attempting to allege a federal claim under 28 U.S.C. § 1983, plaintiff has not stated a cognizable Section 1983 claim.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a section 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a section 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

   1. Personal Participation

Here, plaintiff's complaint does not identify a constitutional right he claims was violated and therefore does not meet the first element of a Section 1983 claim. But even if such a right

were deemed to have been alleged, plaintiff makes no allegation defendant Erwin personally participated in or proximately caused any violation of his constitutional rights.

Plaintiff claims defendant Erwin, as an employee of the office of the Washington State Attorney General, failed to approve or pay a tort claim he filed against the State of Washington. Dkt. 1 at 1. Plaintiff alleges defendant Erwin has not responded to his tort claim and seeks a default judgment requiring payment of the claim. *Id*. These allegations state no facts establishing defendant Erwin's personal participation in a deprivation of plaintiff's constitutional rights.

If plaintiff seeks to bring a Section 1983 claim for damages against an individual defendant, he must allege facts establishing each defendant's personal participation in a violation of his rights that caused him harm.

2. Eleventh Amendment

To the extent plaintiff seeks to bring a claim against the State of Washington, and/or to bring a claim against defendant Erwin in her official capacity, he has also failed to state a claim upon which relief can be granted.

First, Washington State is not a proper defendant in a section 1983 action. Such a claim may only be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. However, for purposes of section 1983, a state is not a "person" and cannot be sued for damages or for injunctive relief. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Official-capacity suits filed against state officials are merely an alternative way of pleading an action against the state. *Hafer v. Mello*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corrs.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating suit against state officials in their official capacities as a suit against the state). Such officials are "persons" under section 1983, but only for purposes of prospective injunctive relief, and only if the plaintiff establishes that a policy or

ORDER TO SHOW CAUSE OR TO AMEND - 4

custom of the governmental entity of which the official is an agent was the moving force behind the violation. *Id*. The eleventh amendment prohibits a plaintiff from seeking monetary damages against official-capacity defendants. *See Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985); *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988) ("[t]he eleventh amendment creates a jurisdictional bar to private damages actions against states in federal court"); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (eleventh amendment bars damages claims against official-capacity defendants).

Here, plaintiff appears to seek only monetary damages. Dkt. 1-1 at 2 (seeking payment of $250,000). Such recovery is not available against an official-capacity defendant. If plaintiff seeks to bring official-capacity claims, he may only seek injunctive or declaratory relief, and he must allege a policy or custom that was the moving force behind any alleged violation of his constitutional rights.

**B. *Heck* Bar**

The underlying tort claim plaintiff filed with the State of Washington (which is attached to plaintiff's complaint in this matter) seeks damages for unlawful arrest, detention and sentencing arising out of a 2004 criminal conviction. Dkt 1-1 at 2, 5. Plaintiff's tort claim contends the statute under which he was convicted is unconstitutional. Dkt. 1-1 at 2. Success on this claim would necessarily impugn the validity of the underlying criminal conviction. Therefore, if plaintiff's complaint in this matter is construed to incorporate his tort claim, it would be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).

In *Heck,* the United States Supreme Court held a civil rights complaint under section 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at

487. A section 1983 action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).

      Here, plaintiff could only prevail on his claim if his conviction were found invalid. Therefore, *Heck* bars his claim unless plaintiff can establish the conviction has already been vacated, reversed or expunged. Instead, as the Ninth Circuit has explained, "[i]f the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

      Plaintiff has attached documents indicating he is no longer confined pursuant to the 2004 conviction and the obligations of his sentence have been discharged. Dkt. 1-1 at 12. Thus, he might no longer be able to bring a habeas challenge to the conviction. However, the Ninth Circuit has held the fact that a plaintiff "is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift *Heck's* bar." *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006). The court noted it had previously recognized a limited exception to this rule in cases where a plaintiff timely pursued habeas relief and challenged only "good time credits revocation of parole or similar matters," rather than the conviction itself. *Id*. (citing *Nonnette v. Small*, 316 F.3d 872 (2002)). But this exception does not apply where, as in this case, a plaintiff challenges the actual conviction. *Guerrero*, 442 F.3d at 705. And it does not apply unless the plaintiff has already timely filed challenges to his conviction. *Id*. (contrasting *Nonnette*, where plaintiff timely pursued

1  habeas relief, with Guerrero's "failure to challenge his conviction by any means prior to filing this
2  lawsuit.").

3  To the extent plaintiff's complaint is construed as a section 1983 challenge to his 2004
4  conviction, it is barred by *Heck*. Thus, plaintiff may not seek relief under section 1983 unless he
5  can establish his conviction has been reversed on appeal, vacated, expunged, or otherwise
6  previously declared invalid. *Heck*, 512 U.S. at 486–87. If plaintiff seeks to bring such a claim, he
7  must file an amended complaint alleging (if he can) facts demonstrating (1) his conviction has been
8  invalidated and (2) he has already timely pursued direct appeal, collateral attack or habeas
9  proceedings challenging his conviction.

## III. INSTRUCTIONS TO PLAINTIFF AND THE CLERK

11  Due to the deficiencies described above, plaintiff must show cause why this matter
12  should not be dismissed or file an amended complaint correcting the deficiencies identified
13  above. If plaintiff intends to pursue a section 1983 civil rights action in this Court, he must file
14  an amended complaint and within the amended complaint, he must write a short, plain statement
15  telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the
16  person who violated the right; (3) exactly what the individual did or failed to do; (4) how the
17  action or inaction of the individual is connected to the violation of plaintiff's constitutional
18  rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See*
19  *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

20  Plaintiff shall present the amended complaint following the form provided by the Court.
21  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an
22  original and not a copy, it should contain the same case number, and it may not incorporate any
23  part of the original complaint by reference. The amended complaint will act as a complete
24

ORDER TO SHOW CAUSE OR TO AMEND - 7

substitute for the original complaint, and not as a supplement. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to an alleged violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before March 4, 2022, the undersigned will recommend dismissal of this case.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint; to send copies of this Order and Pro Se Instruction Sheet to plaintiff; and to re-note the Motion to Proceed IFP (Dkt. 6) for March 4, 2022.

Dated this 1st day of February, 2022.

David W. Christel
United States Magistrate Judge